UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELWYN PIERRE MANUEL,

    Applicant,

v.                                                 Case No. 8:21-cv-1715-TPB-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Delwyn Pierre Manuel, a Florida prisoner, timely filed a *pro se* Application for the Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon considering the application, (*id.*), the response in opposition, (Doc. 7), and Manuel's reply, (Doc. 9), the application is denied.

## **Procedural History**

A state court jury convicted Manuel of sexual battery on a child 12 years of age or older but less than 18 years of age while in a position of familial or custodial authority. (Doc. 8-2, Ex. 1, pp. 100-101.) The state trial court sentenced Manuel to life in prison. (Doc. 8-2, Ex. 1, p. 109.) The state appellate court *per curiam* affirmed Manuel's conviction and sentence. (Doc. 8-2, Ex. 5.) Manuel filed a petition for a writ of habeas corpus in the state appellate court.

(Doc. 8-2, Ex. 20.) His petition was denied without discussion. (Doc. 8-2, Ex. 21.)

## Factual Background[1]

The State alleged that Manuel committed sexual battery on the victim, his step-granddaughter, by penetrating her vagina and/or anus on one or more occasions on or between November 3, 2012, and May 17, 2016. The victim testified that Manuel penetrated her vagina or her anus numerous times. Although she could not specify dates, she stated that the offenses occurred over a period of time. The victim stated that Manuel was the only person with whom she was sexually active. In May 2016, when the victim was 15 years old, she learned that she was pregnant. DNA testing on the aborted fetus showed a 99.99% probability that Manuel was the father.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if an applicant is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a

---

[1] This factual summary is based on the trial transcript and appellate briefs.

claim adjudicated on the merits in state court unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from

3

an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court denied Manuel's habeas corpus petition without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002).

## Discussion

**Ground One**

In his sole ground, Manuel argues that the Second District Court of Appeal erred by failing to attach portions of the record to its order denying him relief. Insofar as Manuel's claim involves the procedures utilized by the state appellate court, it raises no federal challenge to the validity of his judgment and sentence. Thus, it is not cognizable in this § 2254 proceeding. *See, e.g.*, *Carroll*, 574 F.3d at 1365 ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself—and thus habeas relief is not an appropriate remedy."); *cf. Anderson v. Sec'y, Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) ("[T]he

4

state court's failure to hold an evidentiary hearing on a petitioner's 3.850 motion is not a basis for federal habeas relief.").

Within Ground One, Manuel asserts that the state appellate court's ruling resulted in a miscarriage of justice because "his conviction judgment and sentence was predicated on a violation of his due process" rights under the "Sixth and Fourteenth Amendments [to] the United States Constitution. . . ." (Doc. 1, p. 5.)

In his reply, Manuel clarifies his argument by asserting that he was convicted of an uncharged crime. The Court construes Manuel's claim as presenting the same argument raised in the habeas corpus petition that he filed in the state appellate court. (Doc. 8-2, Ex. 20.) There, Manuel asserted that because the information alleged multiple instances of sexual battery in one count and the jury returned a "general" verdict, it was "impossible to determine whether the jury found Petitioner guilty of uncharged acts." (*Id.*, pp. 2-4.) He also contended that the way in which he was charged did not give him adequate notice of the charge against him. (*Id.*, pp. 5-6.)

The state appellate court denied the petition without discussion. (Doc. 8-2, Ex. 21.) This Court presumes that the state appellate court denied Manuel's claim on its merits. *See Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the

5

absence of any indication or state-law procedural principles to the contrary."). Since the state appellate court gave no reason for its decision, this Court must determine what bases "could have supported" the state appellate court's decision, and ask "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of" the Supreme Court. *Id*. at 102.

"The federal constitutional principle . . . that conviction of a crime not charged violates due process [ ] has been long established by the nation's highest court." *Pelmer v. White*, 877 F.2d 1518, 1523 (11th Cir. 1989) (citing *Stirone v. United States*, 361 U.S. 212, 217 (1960) and *DeJonge v. Oregon*, 299 U.S. 353, 362 (1937)). But Manuel does not establish a due process violation.

First, to the extent that Manuel challenges the manner in which he was charged, he fails to show entitlement to relief under § 2254. The State charged Manuel, in a single count, with having committed sexual battery on the victim "on one or more occasions" over a period of years. (Doc 8-2, Ex. 1, p. 15.) Manuel has shown no error in the charging document that deprived the state trial court of jurisdiction, as he must to obtain federal habeas relief. *See DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982) (stating that "[t]he sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction").

Manuel's claim is flat wrong. It is well established in Florida law that the State may bring charges in this manner in child sexual abuse cases. *See Geiser v. State*, 83 So. 3d 834, 835 (Fla. 4th DCA 2011) (stating that in a "case of ongoing sexual abuse of a child, where the child is unable to remember the specific dates on which he or she was abused," the State may allege that the act occurred "on one or more occasions") (quoting *State v. Generazio*, 691 So.2d 609, 611 (Fla. 4th DCA 1997)); *Whittingham v. State*, 974 So.2d 616, 618-19 (Fla. 4th DCA 2008) (stating that "the state may charge a defendant in child sexual abuse cases in a manner not permitted in other types of criminal cases, expanding time periods for the commission of offenses and grouping types of offenses together"). Manuel has not identified any Supreme Court decision holding that a federal due process violation occurs when the State brings a charge in this manner in a child sexual abuse case involving numerous instances of conduct over a period of time.

Here, because the information charged Manuel with committing a felony in Florida, the state circuit court had subject matter jurisdiction over his case. *See* Art. V, § 20(c)(3), Fla. Const. (providing that circuit courts "shall have exclusive original jurisdiction . . . of all felonies"); § 26.012(2)(d), Fla. Stat. (same); *see also Carbajal v. State*, 75 So.3d 258, 262 (Fla. 2011) (explaining that subject matter jurisdiction is the "[p]ower of a particular court to hear the type of case that is then before it or jurisdiction over the nature of the cause of

7

action and relief sought" and stating that "[b]ecause the information filed in this case charged Carbajal with multiple felonies, the circuit court had subject matter over Carbajal's case" despite an alleged defect in the charging document) (internal quotation marks and citations omitted).

Nor does Manuel establish a due process violation based on insufficient notice of the charge against him. Here, the information cited the statute under which Manuel was charged, § 794.011, Fla. Stat.; was consistent with the language of that statute; and identified the victim, location, and relevant dates. (Doc. 8-2, Ex. 1, p. 15). Thus, Manuel had adequate notice of the charge. *See United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) ("If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge.").

Further, Manuel fails to show that he was convicted of an "uncharged" crime in violation of his federal due process rights. The count of sexual battery encompassed all instances of sexual battery that occurred in the identified time frame. As addressed, the State may utilize this method to charge a defendant in a child sexual abuse case. And the State presented overwhelming evidence that Manuel sexually battered the victim at least once during the relevant period. The State presented the victim's testimony, as well as her statements to a child protection interviewer, that Manuel sexually battered her on different occasions. (Doc. 8-2, Ex. 1a, pp. 43-45, 53-54, 79, 83-84, 87-89, 91-92.)

8

The latest date alleged in the information was May 17, 2016. (Doc. 8-2, Ex. 1, p. 15.) Only three days later, on May 20, 2016, a doctor determined that the victim was approximately six weeks pregnant. (Doc. 8-2, Ex. 1a, pp. 125-27.) DNA testing showed a 99.99% probability that Manuel was the biological father. (Doc. 8-2, Ex. 1a, p. 173.) Thus, Manuel fails to establish that the state appellate court unreasonably denied his claim that the charging document and verdict form resulted in a federal due process violation. Having failed to carry his burden under the AEDPA, Manuel is not entitled to federal habeas relief.

Accordingly, it is ORDERED that Manuel's application, (Doc. 1), is DENIED. The CLERK is directed to enter judgment against Manuel and to CLOSE this case.

It is further ORDERED that Manuel is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). The district court or circuit court of appeals must first issue a certificate of appealability. To obtain a certificate of appealability, Manuel must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Manuel has not made the requisite showing. Accordingly, a certificate of appealability is

DENIED. Leave to appeal *in forma pauperis* is DENIED. Manuel must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of May, 2024.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**